**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ROBERT dePERRODIL** | **CIVIL ACTION NO. _______________** |
| **VERSUS** | **JUDGE __________________________** |
| **BOZOVIC MARINE, INC. and CLAYTON WILLIAMS ENERGY, INC.** | **MAGISTRATE ____________________** |

# COMPLAINT

NOW INTO COURT, through undersigned counsel, comes complainant, **ROBERT dePERRODIL**, a person of the full age of majority and a resident of Gueydan, Louisiana, who for his Complaint, respectfully represents as follows:

1.

This cause of action arises pursuant to the Admiralty and General Maritime Law found in 28 U.S.C.A. § 1333, et. seq.

2.

Made defendants herein are:

A. **BOZOVIC MARINE, INC.**, a domestic corporation authorized to do and doing business within the State of Louisiana and within the Western District of Louisiana, and whose resident domicile address is listed as 59459 Borgne Avenue, Bogalusa, Louisiana 70427, and which may be served through its registered agent for service of process, Rebecca Mendez Bozovic, 59459 Borgne Avenue, Bogalusa, Louisiana 70427; and

B. **CLAYTON WILLIAMS ENERGY, INC.**, a foreign corporation authorized to do and doing business within the State of Louisiana and within the Western District of Louisiana, and whose domicile address is listed as 1209 Orange Street, Wilmington, Delaware 19801, and which may be served through its registered agent for service of process, CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808.

3.

Defendants, BOZOVIC MARINE, INC., (hereinafter referred to as "Bozovic"), and CLAYTON WILLIAMS ENERGY, INC. (hereinafter referred to as "Clayton") are liable unto complainant in the full and true sum in an amount as is reasonable under the premises, plus all legal interest and the costs of these proceedings from the date of judicial demand for the following reasons, to-wit:

4.

On or about November 13, 2012, complainant, Robert dePerrodil, was employed by and working for Petroleum Engineers, Inc., as a consultant and was assigned to work aboard the SL 19706, an offshore jack up rig vessel, which upon information and belief was owned and operated by defendant, Clayton, when the accident occurred. Complainant, Robert dePerrodil was being transported by the *M/V THUNDER STAR*, a crew boat vessel, which upon information and belief was owned and operated by defendant, Bozovic, when the accident occurred.

5.

At the time of the accident in question, dePerrodil had been assigned to work as a consultant and to perform work on the SL19706 jack up rig vessel, as member of the crew of that vessel.

6.

On or about November 13, 2012, complainant was engaged in and performing work and facing hazards normally encountered by traditional seaman, and other crew members of the vessel, and as such, was entitled to a safe and seaworthy vessel.

7.

Upon information and belief, the *M/V THUNDER STAR* was owned by and being operated by and was under the direct operational control of defendant, Bozovic and/or its captain and crew,

and was involved in ongoing vessel operations occurring in the navigable waters of the Gulf of Mexico, State of Louisiana.

8.

Upon information and belief, the accident at issue occurred on or about November 13, 2012, when complainant was being transferred, via the *M/V THUNDER STAR*, from the Port of Venice to the Clayton SL19706 jack up rig/vessel.

9.

After leaving the protected waters of the Mississippi River and its coast line, the *M/V THUNDERSTAR* proceeded out into the unprotected waters of the Gulf of Mexico, whereupon it encountered extremely severe seas and high wind, which pounded the small crew boat and its crew and passengers.

10.

Upon information and belief, Bozovic and its captain, were aware of the heavy seas and/or impending bad weather but nevertheless directed the *M/V THUNDER STAR* to transport complainant to the SL 19706 jack up rig/vessel.

11.

Upon entering the Gulf of Mexico, the captain of the *M/V THUNDER STAR* could not locate the SL 19706 jack up rig/vessel, in order to drop complainant off and eventually turned around to head back into port.

12.

Upon information and belief, the SL 19706 jack up rig was not at its designated location on November 13, 2012.

13.

Defendant, Bozovic's captain, negligently remained in the heavy seas for an extended period of time before deciding to return to port.

14.

While the *M/V THUNDER STAR* searched for the jack up rig/vessel, the weather conditions continued to deteriorate to the point that it was no longer safe for the *M/V THUNDER STAR*, its crew or complainant. At that point, the *M/V THUNDER STAR* turned around and began battling the north wind, violent and heavy seas as it headed back into the sheltered waters of te Mississippi River and coast line. Complainant, Robert dePerrodil was thrown from his position and violently landed on the floor of the vessel resulting in severe and disabling injuries, including injury to his left hand and lumbar spine, as well as damage to his body as a whole, all of which have required and/or will require surgical intervention, and other future medical treatment.

15.

On or about November 13, 2012, Complainant, Robert dePerrodil, was within the course and scope of his employment with Petroleum Engineers, Inc., and injured while aboard the *M/V THUNDER STAR*, which was owned and operated by defendant, Bozovic**.**

16.

Following the accident at issue, complainant, Robert dePerrodil, reported the accident to his employer, as well as Bozavic and Clayton.

17.

The *M/V THUNDER STAR* is a "traditional maritime vessel" as that term is defined within Admiralty and General Maritime law by the Federal Fifth Circuit Court of Appeals and U.S. Supreme Court.

18.

Complainant, was injured as a result of the operational negligence of Bozovic and/or its crew, and/or its representatives, and/or the unseaworthiness of the *M/V THUNDER STAR*, in so far as the vessel contained an unseaworthy condition and/or was unsafe on or about November 13, 2012, which unseaworthiness directly and proximately caused the accident at issue.

19.

Complainant, Robert dePerrodil, was injured through the vessel's unseaworthiness and/or negligence and/or fault on the part of defendants, Bozovic, their principals, agents, servants, employees, and those for whom they were responsible at the time of the accident described hereinabove in the following non-exclusive manners:

A. Failure to provide complainant with a reasonably safe place to work;

B. Failure to provide complainant with a seaworthy vessel;

C. Operational and/or navigational negligence on the part of Bozovic and/or its captain, crew and/or representatives in sending the *M/V THUNDER STAR* out to the jack up rig's location in deteriorating weather conditions and improperly navigating the vessel in rough seas;

D. Negligently failing to warn complainant, of the dangerous weather conditions approaching;

E. Negligently operating the crew boat vessel at an unsafe speed, given the prevailing weather conditions;

F. Negligently failing to operate the crew boat vessel in question in a prudent and safe manner;

G. Failing to provide a competent, experienced and knowledgeable boat pilot, captain and crew;

H. Negligently failing to confirm or verify that the SL 19706 jack up rig/vessel was either not on location or that it had changed its location;

I. Negligently failing to do what they should have done in order to avoid the accident at issue; and

J. Any and all other acts of negligence which will be proven at the trial of this matter.

20.

As a result of the accident described herein, complainant, Robert dePerrodil, sustained serious, permanent, and crippling injuries, including, but not limited to, a laceration to his left hand, compression fracture in his lumbar spine, ruptured disc's, all of which have necessitated surgery and/or will necessitate surgery and extensive future medical treatment.

21.

Defendant, Bozovic, as the owner of the *M/V THUNDER STAR*, violated its non-delegable duty to provide complainant, Robert dePerrodil, with a seaworthy vessel and/or safe place to work as required by the Admiralty and General Maritime Law.

22.

Complainant, Robert dePerrodil, was injured through the negligence and/or fault on the part of defendants, Clayton, their principals, agents, servants, employees, and those for whom they were responsible at the time of the accident described hereinabove in the following non-exclusive manners:

A. Negligently requesting or ordering Bozavic to transport complainant from the Port of Venice to its jack up rig/vessel, in the Gulf of Mexico, during weather conditions of severe high winds and seas, when it knew or should have known that said conditions created a dangerous hazard for the crew and passengers of the M/V THUNDER STAR;.

B. Negligently failing to warn complainant of the severe high winds and seas in question;

C. Negligently failing to give accurate coordinates to defendant, Bozavic, its captain and crew, prior to the said voyage at issue; and

D. Any and all other acts of negligence which will be proven at the trial of this matter.

23.

Complainant, Robert dePerrodil, as a result of the November 13, 2012 accident in question, sustained serious, permanent, crippling and disabling injuries resulting in losses, which include but are not limited to, the following, to wit:

A. Past medical expenses;

B. Future medical expenses;

C. Past lost wages;

D. Future loss of earning capacity;

E. Past and future pain and suffering;

F. Past and future mental and emotional anguish;

G. Past and future loss of enjoyment of life.

24.

Complainant, Robert dePerrodil, asserts his right to a bench trial pursuant to Federal Rule of Civil Procedure 9(h) as his claims arise under Admiralty and General Maritime Law.

**WHEREFORE**, complainant, Robert dePerrodil, prays that defendants, **BOZOVIC MARINE, INC. and CLAYTON WILLIAMS ENERGY, INC.**, be served with a certified copy of this Complaint and cited to Answer within the time delays allowed by law, and after due proceedings had, there be judgment rendered herein in favor of complainant, Robert dePerrodil, over and against defendants, **BOZOVIC MARINE, INC. and CLAYTON WILLIAMS ENERGY, INC.**, for monetary damages, both general and special, in the full and true sum in amounts as are reasonable under the premises, to be proven at the trial of this matter, plus the costs of these proceedings and all permissible legal interest, and for all other equitable and just relief as the law may allow.

Respectfully submitted,

BY: s/ JOSEPH F. GAAR, JR.

JOSEPH F. GAAR, JR. (#16927)
JASON M. WELBORN (#26548)
WILLARD P. SCHIEFFLER (#25862)
LUCAS COLLIGAN (#31671)
JACOB H. HARGETT (#32490)
617 S. Buchanan St. (70501)
P.O. Drawer 2069
Lafayette, LA 70502
Telephone: (337) 233-3185
Facsimile: (337) 233-0690
Email: joseph@gaarlaw.com
jason@gaarlaw.com
will@gaarlaw.com
lucas@gaarlaw.com
jacob@gaarlaw.com